IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERICK FALLIN, | * | |
| Petitioner, | * | Civ. Action No. RDB-20-1348 |
| v. | * | Crim. Action No. RDB-11-0353 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On May 22, 2012, *pro se* Petitioner Derick Fallin ("Fallin" or "Petitioner") pled guilty to one count of conspiracy to participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). (Re-arraignment, ECF No. 186; Plea Agreement, ECF No. 187.) On August 20, 2012, this Court sentenced Petitioner to 180 months of imprisonment as to Count I and 120 months of imprisonment as to Count II, to run concurrent for a total of 180 months, with credit for time served in federal custody since July 6, 2011, followed by a 5-year term of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 244.)

Now pending is Fallin's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 359.) The Government has filed a response in opposition. (ECF No. 363.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 359) is DENIED.

## BACKGROUND

On June 28, 2011, Fallin, along with six co-defendants, was charged with eight counts in an eleven-count Indictment. (Indictment, ECF No. 1.) Fallin was charged with: one count of conspiracy to participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Two); one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count Three); one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count Four); one count of conspiracy to distribute and possess with intent to distribute heroin, in violate of 21 U.S.C. § 846 (Count Five); two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Six and Eleven); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven). (*Id.*)

On May 22, 2012, Fallin pled guilty to Counts One and Two of the Indictment in accordance with the terms of a Plea Agreement. (ECF Nos 186, 187.) Under the Plea Agreement, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that "a sentence of 180 months is the appropriate disposition of this case." (ECF No. 187 ¶ 9.)

This Court conducted a sentencing hearing on August 20, 2012. (ECF No. 243.) At sentencing, this Court found that Fallin was a career offender under U.S.S.G. § 4B1.1, a

designation which required a higher advisory Guidelines range than would otherwise apply. (Sentencing Tr. at 11, ECF No. 262.)  This Court further determined that Petitioner's final offense level was 36 and that a criminal history category of VI applied, resulting in an advisory sentence range of 324 to 405 months of imprisonment.  (*Id.*)  Abiding by the terms of the Rule 11(c)(1)(C) plea agreement, this Court imposed a total of 180 months of imprisonment.  (*Id.* at 20; J&C, ECF No. 244.)  Fallin did not file an appeal.

However, Fallin has since initiated several challenges to this Court's Judgment, which he has voluntarily withdrawn.  On August 9, 2013, Fallin filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which Fallin voluntarily withdrew on September 18, 2014.  (ECF Nos. 265, 269, 270.)  Fallin filed another Motion to Vacate on June 15, 2016, which Fallin voluntarily dismissed on April 24, 2017.  (ECF Nos. 299, 303, 304.)  On October 17, 2018, the United States Court of Appeals for the Fourth Circuit denied as unnecessary Fallin's motion for authorization to file a second or successive § 2255 motion because Fallin's prior § 2255 motions were dismissed without prejudice.  (ECF No. 305.)  Accordingly, on November 13, 2017, Fallin filed another Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 306.)  On April 22, 2019, Fallin filed a Motion to Voluntarily Dismiss his § 2255 Motion without Prejudice, which this Court granted.  (ECF Nos. 332, 333.)

On June 1, 2020, Fallin filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, requesting relief pursuant to the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  (ECF No. 359.)  In light of exigent circumstances created by the on-going COVID-19 pandemic, this Court granted the Government additional time to respond.  (ECF No. 362.)  On September 4, 2020,

the Government submitted a response in opposition to Fallin's Motion. (ECF No. 363.) On September 28, 2020, Fallin filed a Reply in support of his Motion. (ECF No. 365.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

Fallin moves for a sentencing modification based on his contention that he was improperly classified as a career offender under the United States Sentencing Guidelines. (ECF No. 359 at 11.) The "career offender" designation is only imposed when, *inter alia*, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). To support his argument, Jones cites *United States v.*

4

*Davis*, 139 S. Ct. 2319 (2019). (ECF No. 359 at 11.) In *Davis*, the Supreme Court held that the "residual clause" definition of the term "crime of violence" appearing in 18 U.S.C. § 924(c), a criminal statute which provides enhanced penalties for using a firearm during a "crime of violence," was unconstitutionally vague. *See* 18 U.S.C. § 924(c)(3)(B). Fallin's Motion must be denied both because he was neither charged with, nor convicted of, a § 924(c) offense, and because career offender designations are not subject to vagueness challenges.

Fallin was convicted of one count of conspiracy to participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One), and one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Two). Fallin was not, however, convicted of a § 924(c) offense. Consequently, because the ruling in *Davis* does not impact convictions for conspiracy to participate in a racketeering enterprise or convictions for conspiracy to commit murder in aid of racketeering, Fallin is not entitled to any relief under *Davis*.

Additionally, Fallin's career offender designation under the advisory Guidelines is not subject to the Due Process vagueness challenge he advances. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," because the Guidelines "merely guide the exercise of a court's discretion within the statutory range"); *see also United States v. Davis*, 684 F. App'x 317, 318-19 (4th Cir. 2017) (unpublished, *per curiam*) (holding that *Beckles* foreclosed any Due Process Clause vagueness challenge to defendant's career offender designation); *Spriggs v. United States,* ELH-09-00361, 2020 WL 1638684, at *4 (D. Md. Apr. 2, 2020) (same); *Chapman v. United States*, FL-11-0034, 2020 WL 836855, at *2 (E.D.N.C. Feb. 19, 2020) (same).

Furthermore, Fallin had an extensive criminal record, including convictions for armed robbery, bank robbery, and battery. (Sentencing Tr. at 9-10, ECF No. 262.) Even without a career offender designation, his criminal history would have been IV instead of VI and the advisory guidelines range would have been 262 to 327 months—well in excess of the sentence of 180 months imposed in this case. Accordingly, Fallin's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 359) is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 359) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: October 26, 2020

_____/s/_____
Richard D. Bennett
United States District Judge
